GEO. & CHRIS. PFEUFFER V. GEO. W. WILDERMAN
ET AL.

(No. 1984, Op. Book No. 2, p. 464.)

APPEAL from Bexar County. Opinion by QUINAN, J.

**§ 1169.** *Promissory note; suit upon, when note is not due, may be maintained when, etc.* Suit was instituted upon a promissory note not due. The note was accompanied by a mortgage on personal property to secure its payment. The mortgage was conditioned that upon the happening of certain events the note should become due at once. These events had happened at the time of the institution of the suit. *Held,* that the suit was not prematurely brought, but that by the terms of the mortgage, which was a part of the contract, the note had matured at the institution of the suit.

**§ 1170.** *Assignment of errors.* An assignment of errors, to be considered, must be in accordance with rules 24, 25 and 26 of the supreme court. It must be a succinct and clear statement considering the matter referred to, and not made up of general statements, arguments and inferences. [Pearson v. Flannagan, 52 Tex. 266.]

**§ 1171.** *Charge of the court; judge not bound to correct charges asked.* The court is never required to select and choose from a long string of requested charges those he may think ought, perhaps, to be given. It is enough if he instruct them as to the law of the case concisely and plainly so far as applicable to the facts.

**§ 1172.** *Verdict; must be responsive to the issues; judgment in case of foreclosure of lien on chattels.* The contest was who had the superior lien upon the mortgaged

property, the appellants or the appellees. This was the issue submitted by the judge to the jury. The verdict was: "We, the jury, find for the plaintiff, and give him all the property included in the mortgage." *Held,* this verdict is not responsive to any issue submitted by the judge. Upon this verdict the court entered judgment against appellants for the amount of the note sued upon. Appellants were not parties to the note, but were merely claimants of the mortgaged property in controversy. *Held,* there was nothing to support the judgment for money against appellants. The value of the mortgaged property was not found. For aught that appears appellee could have full satisfaction of his debt by the foreclosure of his mortgage upon the property. The statute provides what the judgment shall be in the foreclosure of chattel mortgages. [R. S. 1340.]

November 2, 1881.          Reversed and remanded.